IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Asad ALI<br>A 047-701-899<br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Michael B. MUKASEY, Attorney General for the United States of America; Secretary Michael CHERTOFF, U.S. Department of Homeland Security; Acting Director Emilio GONZALEZ, Citizenship and Immigration Services; Ruth DOROCHOFF, United States Citizenship & Immigration Service, Chicago District Director; and Robert S. MUELLER III, Director of the Federal Bureau of Investigation,<br><br>　　　　　　　Defendants. | **FILED**<br>**DECEMBER 18, 2007**<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>PH　**07 C 7115**<br><br>**JUDGE CASTILLO**<br>**MAGISTRATE JUDGE VALDEZ** |

**PETITION FOR HEARING ON NATURALIZATION APPLICATION**

NOW COMES the Plaintiff, Asad ALI, by and through his attorneys, the AzulaySeiden Law Group, and respectfully petitions this Court for a hearing on his Application for Naturalization, and in support thereof, states as follows:

**STATEMENT OF ACTION**

1.　This action is brought to compel action on an Application for Naturalization ("naturalization application") properly filed with the United States Citizenship and Immigration Services ("USCIS") by the Plaintiff.  8 U.S.C. § 1445 (2007); INA § 334 (2007).  To the Plaintiff's detriment, Defendants have failed to adjudicate his naturalization application.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 8 U.S.C. § 1447(b) and INA § 336(b). These provisions specifically provide for judicial review when the USCIS fails to make a decision on a naturalization application within 120 days after examination. 8 U.S.C. § 1447(b); INA § 336(b). The naturalization examination is the applicant's naturalization interview with USCIS. *Antonishin v. Keisler*, Slip Copy, 2007 WL 2788841 at 3-4 (N.D. Ill. 2007). As such, federal jurisdiction is established 120 days after the applicant's USCIS interview pursuant to INA § 336(b). *Id*. at 4.

3. This Court has original jurisdiction to hear both civil actions arising under the laws of the United States and actions to compel an officer or employee of the United States or any agency thereof to perform a duty. 28 U.S.C. §§ 1331, 1361. This Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This action is brought to compel the Defendants, officers and agencies of the United States, to perform the duties arising under the laws of the United States.

5. This Court has jurisdiction to hear actions arising from claims that an agency or officer or employee of a government agency failed to act in its or his or her official capacity and the person to whom the duty was owed suffered a legal wrong. 5 U.S.C. § 702.

6. This action invokes the Plaintiff's right to due process guaranteed by the Fifth Amendment of the United States Constitution, over which this Court retains jurisdiction. This action is brought due to the failure of the Defendants to perform their duty to adjudicate the Plaintiff's naturalization application within a reasonable amount of time. 8 U.S.C. § 1445; INA § 334. Failure to adjudicate his naturalization application


has resulted in harm to the Plaintiff.

7. Venue is proper in the Northern District of Illinois because Plaintiff resides in the Northern District of Illinois, a substantial part of the activities complained of occurred in the Northern District of Illinois, and the Defendants reside in this judicial district. 28 U.S.C. § 1391(e).

## PARTIES

8. Plaintiff is a citizen and national of Pakistan. A copy of the biographic page of Plaintiff's passport attached as Exhibit A. Plaintiff has been a Lawful Permanent Resident of the United States since October 28, 2000. A copy of Plaintiff's Permanent Resident Card attached as Exhibit B.

9. Defendant Michael B. MUKASEY ("MUKASEY"), Attorney General of the United States of America is being sued in his official capacity only. MUKASEY is charged with the duties of administrating and enforcing immigration and citizenship laws. 8 U.S.C. § 1103(g)(1) (2007).

10. Defendant MICHAEL CHERTOFF ("Chertoff"), the Secretary for the Department of Homeland Security ("DHS"), is being sued in his official capacity only. Defendant Chertoff has the authority to adjudicate naturalization applications, through designated his employees, that are filed with the USCIS to accord applicants. 6 U.S.C. §§ 271(b)(2), 455(c); 8 U.S.C. § 1446; INA § 335(d).

11. Defendant Emilio GONZALEZ ("GONZALEZ"), Director of the USCIS is being sued in his official capacity only. GONZALEZ is charged with supervisory authority over all of USCIS operations, agents and officers. In addition, he has the duty to administer and enforce immigration and citizenship laws. 6 U.S.C. §§ 271(b)(2),

455(c).

12. Defendant RUTH DOROCHOFF ("Dorochoff"), the District Director of Chicago USCIS, is being sued in her official capacity only. Dorochoff is charged with supervisory authority over all of Chicago USCIS operations and Chicago USCIS agents and officers acting in their official capacity. 6 U.S.C. §§ 271(b)(2), 455(c); INA § 335(d).

13. Defendant ROBERT S. MUELLER, III ("Mueller"), the Director of the Federal Bureau of Investigation ("FBI"), is being sued in his official capacity only. Mueller is charged with supervisory authority over all of FBI operations and FBI agents and officers acting in their official capacity, which includes but is not limited to the National Name Check Program. 8 U.S.C. § 1105.

## CAUSE OF ACTION

14. Plaintiff filed a naturalization application with the USCIS in or around February 2006. 8 U.S.C. § 1445; INA § 334.

15. Plaintiff followed the appropriate procedures for the naturalization process, which included having his fingerprints taken. 8 U.S.C. § 1445 (2006); INA § 334 (2006).

16. On May 24, 2006, Plaintiff appeared for a naturalization examination conducted by Chicago USCIS Officer Neumeier. 8 U.S.C. § 1446; INA § 335(b); A copy of the Plaintiff's Naturalization Interview Results is attached as Exhibit C.

17. At his scheduled examination, the Plaintiff established that he has continuously resided in the United States, satisfied the residency requirements for naturalization, demonstrated good moral character and demonstrated knowledge of the

English language, U.S. government and history.  8 U.S.C. § 1427; INA § 316; *See also* Exhibit C.  Plaintiff also passed the English, U.S. history and U.S. government tests.  *See* Exhibit C.

      18.     On or about February 14, 2006, Plaintiff, through U.S. Representative J. Dennis Hastert, delivered a status inquiry to the Chicago USCIS Office regarding the status of his naturalization application.  On September 26, 2006, Plaintiff received a response to his first status inquiry that stated Plaintiff's naturalization application was pending due to an incomplete FBI security check.  A copy of USCIS' response is attached as Exhibit D.

      19.     On August 14, 2006, Plaintiff, through U.S. Representative J. Dennis Hastert, delivered a status inquiry to the Chicago USCIS Office regarding the status of his naturalization application.  On September 26, 2006, Plaintiff received a response to his second status inquiry that stated Plaintiff's naturalization application was pending due to an incomplete FBI security check.  A copy of USCIS' response is attached as Exhibit E.

      20.     On January 4, 2007, Plaintiff, through U.S. Representative J. Dennis Hastert, delivered a status inquiry to the Chicago USCIS Office, requesting the status of his pending naturalization application.  Plaintiff received a response to his third status inquiry that stated Plaintiff's naturalization application was still pending due to an incomplete FBI security check.  A copy of USCIS' response is attached as Exhibit F.

      21.     On or around March 8, 2007, Plaintiff, through U.S. Representative J. Dennis Hastert, delivered a status inquiry to the Chicago USCIS Office, requesting the status of his pending naturalization application.  Plaintiff received a response to his fourth

status inquiry that stated Plaintiff's naturalization application was still pending due to an incomplete FBI security check. A copy of USCIS' response is attached as Exhibit G.

22. Plaintiff has been extremely burdened by USCIS' failure to adjudicate his naturalization application. His wife remains in Pakistan unable to enter the United States. Moreover, this delay has angered his wife's family who forced her to abort their child because they believed that the Plaintiff has not complied with the necessary requirements for having his naturalization application approved. Thus, Plaintiff has suffered severe emotional distress from USCIS' failure to adjudicate his naturalization application. A copy of the Plaintiff's letter to the U.S. Consulate is attached as Exhibit H.

23. USCIS has not adjudicated Plaintiff's naturalization application. His naturalization application was filed in or around February 2006. He attended his naturalization examination on May 24, 2006. In addition, the Plaintiff has subsequently filed several status inquiries with the Chicago USCIS Office.

24. Since appearing for his naturalization examination, the Plaintiff's naturalization application has been pending for over 120 days. *See* Exhibit C.

25. INA Section 336 (b), 8 U.S.C. § 1447(b) states in pertinent part:

> If there is a failure to make a determination under [INA] § 335 [8 U.S.C. § 1446] before the end of the 120 day period after the date on which the examination is conducted under such Section, the applicant may apply to the United States District Court for the District in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions to the Service to determine the matter.

26. That Defendant Ruth Dorochoff was required to make a determination on Plaintiff's naturalization application within 120 days following examination. 8 U.S.C. § 1447; INA § 336; *Antonishin*, 2007 WL 2788841 at 3-4. As of December 20, 2007, 575

days have passed since the Plaintiff's naturalization examination. As such, the 120-period has expired. 8 U.S.C. § 1447; INA § 336; *Antonishin*, 2007 WL 2788841 at 3-4.

    27.    WHEREFORE, Plaintiff prays that this Court grant his the following relief:

    A.    To grant his citizenship pursuant to his naturalization application;

    B.    Awarding Plaintiff reasonable attorney's fees pursuant to 28 U.S.C. § 2412 for failure of the Defendants to perform their duties within the statutory time period; and

    C.    Such other relief at law and in equity as justice may so require.

Respectfully submitted,

s/ Sara E. Herbek_____
Y. Judd Azulay
Sara E. Herbek
AzulaySeiden Law Group
205 N. Michigan Avenue, 40th Floor
Chicago, Illinois 60601
312.832.9200

## NOTICE OF FILING

TO:  U.S. Attorney General  
Peter D. MUKASEY  
950 Pennsylvania Avenue, NW  
Washington, D.C. 20530  
**Via Certified Mail**

District Director, USCIS  
Ruth Dorochoff  
101 West Congress Parkway  
Chicago, IL 60605  
**Via Certified Mail**

Acting Director of USCIS  
Emilio Gonzalez  
Office of Chief Counsel  
U.S. Dept. of Homeland Security  
20 Massachusetts Ave., NW Rm. 4025  
Washington, D.C. 20236  
**Via Certified Mail**

Secretary of DHS  
Michael Chertoff  
Office of General Counsel  
U.S. Dept. of Homeland Security  
Washington, D.C. 20528  
**Via Certified Mail**

Director of the F.B.I.  
Robert S. Mueller, III  
J. Edgar Hoover Building  
935 Pennsylvania Ave., NW  
Washington, D.C. 20535-0001  
**Via Certified Mail**

Assistant U.S. Attorney  
Patrick Fitzgerald  
Dirksen Federal Building  
219 S. Dearborn Street, Fifth Floor  
Chicago, IL 60604  
**Via Certified Mail**

PLEASE TAKE NOTICE that on December 18, 2007, Petitioner filed with the United States District Court for the Northern District of Illinois, his Petition for Hearing on Naturalization Application.

s/ Sara E. Herbek_____  
Sara E. Herbek  
AzulaySeiden Law Group  
205 N. Michigan Avenue, 40th Floor  
Chicago, Illinois 60601  
312.832.9200